UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HOWARD E. SANDERSON                                                    CIVIL ACTION

VERSUS                                                                         NO:  05-5016-AJM-SS

BARBER'S TRUCK SERVICE

## REPORT AND RECOMMENDATION

The District Court referred to the Magistrate Judge all pre-trial matters and submission of findings and recommendations pursuant to 28 U.S.C. 636(b)(1)(A)(B).  Rec. doc. 5.  For the reasons described below, it is recommended that the action be dismissed without prejudice.

On November 1, 2005, the plaintiff, Howard E. Sanderson, filed a petition for damages of $250,000 against the defendant, Barber's Truck Service.  He alleges that he is domiciled in Washington Parish.  The claim concerns the defendant's alleged failure to properly repair Mr. Sanderson's 1993 Freightliner truck.  Rec. doc. 1.  Mr. Sanderson is proceeding without counsel and in forma pauperis.  Rec. doc. 2.  Defendant's answer included the following defenses:  (1) lack of subject matter jurisdiction because the amount in controversy is below the threshold required by 28 U.S.C. § 1332; (2) lack of personal jurisdiction because defendant lacks sufficient minimum contacts with Louisiana; and (3) improper venue because the acts giving rise to the alleged claim occurred

in Mississippi.  Rec. doc. 8.

By May 12, 2006, Mr. Sanderson was ordered to deliver to the Court and counsel all evidence supporting his claims that: (1) his damages exceed $75,000; (2) the defendant did business in the State of Louisiana; and (3) the defendant's acts that gave rise to Mr. Sanderson's claims occurred in Louisiana.  The order was issued on April 20, 2006, and therefore, Mr. Sanderson had three weeks to comply with it.  The order notified Mr. Sanderson that if he failed to comply with the order, a report and recommendation would be issued that his petition be dismissed without prejudice for failure to prosecute.

Mr. Sanderson failed to comply with the Court's order of April 20, 2006.

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear.  See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  Fed. R. Civ. P. 41(b) provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998); Hulsey v. State of Tex., 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  Such a dismissal is considered to be an adjudication on the merits.  Hughes v. City of Houston, 78F.3d 983, 994 (5th Cir. 1996).  The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139, and Stewart v. Morial, 2000 WL 422359 (E.D.La. Apr 17, 2000).

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since Mr. Sanderson is unrepresented, this Court need only consider his conduct in determining whether dismissal of this action is proper under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

Mr. Sanderson is solely responsible for the failure to comply with the April 20, 2006 order.[1] If Mr. Sanderson has no evidence to support his allegations concerning jurisdiction and venue in this Court, the prejudice to defendant is manifest. Should the case continue, it must incur further costs in defense of the action. Accordingly,

IT IS RECOMMENDED that Mr. Sanderson's petition for damages be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

---

[1] In Ford v. Sharp, 758 F.2d 1018 (5th Cir. 1985), the Fifth Circuit described aggravating factors to be examined in considering an involuntary dismissal with prejudice. Other than the plaintiff's personal responsibility for the failure to comply with the order, the factors include the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of May, 2006.

                                            **SALLY SHUSHAN**
                             **United States Magistrate Judge**

cc:   Judge A.J. McNamara